Next case, Union Roofing Comp'n v. Industrial Comm'n, 511-0219. Counsel, please. Anybody here? We're not bothering you, are we? Well, you should be here and be ready to go. I apologize, we were in the next room and we went out. Well, the arguments are here and you should be present and ready to make your argument. Please proceed. May it please the Court, Anna Grabowski on behalf of the Employer Appellant Union Roofing Company. This case involves an injury that was arising out of employment that concluded in June of 2003. The claim appears to have been timely finaled in June of 2006 and basically not much happened with the case until its initial appearance above the red line in June of 2009. And upon its initial appearance, the employee and his counsel participated in an ex parte hearing before Arbitrator Jennifer Teague on the call date at the Belleville Docket. When was that? June 15, 2009. You were there? I was not. This case, unfortunately, was not assigned out to counsel. But you said you were there. No, I was not. The employee's counsel, Mr. Frederick, was present. The employer had no counsel present. The claims representative handling the file did not send it out for defense until after the ex parte hearing took place. Whose fault was that? Well, it certainly wasn't defense counsel's, Your Honor. I, you know, simply state that for some unknown reasons, the claims representative for the insurance company had not sent it to us. We'd never heard of the case until after the trial had already taken place and the arbitrator's decision was already entered. But it certainly wasn't the petitioner's fault. No, no, absolutely not. And it had been on file for more than three years. That's correct. It had been on file. It did appear above the red line. No one had filed a request for continuance. Let me make sure I understand. Defense counsel had not been retained. That is correct. So the insurance carrier allowed the case to get above the red line without even hiring counsel. That is correct. That's what happened. So you're saying don't punish you. That's exactly what I'm saying. But it did come in time for us to preserve the matter on review. You know, we did not receive the case in time to be able to appear and present any evidence at hearing. And I realize we're stuck with the record and the evidence that was presented at the trial. So I guess we move to the issues. You've got a number of issues, as I understand it. One of them is whether Illinois is the proper jurisdiction. That's correct. And that's my main argument. So it's whether or not jurisdiction is properly within the state of Illinois, whether or not the employee provided proper notice. Because the hearing was not a full and final hearing. It was a proceeding under 19B. And the arbitrator did award some benefits, but the case remained open to determine whether additional benefits are due to the employee. What did the claimant testify to? The claimant testified about each element of his case. And even ex parte, the claimant still has to prove of his case. Did he testify that the employer was an Illinois corporation? Yes, and it is. And he was hired in Illinois. He testified that the contract for hire occurred in Illinois. That is correct. What's wrong with that? Okay. In order to determine whether or not the contract for hire occurred in Illinois, the case law shows, and I've got a number of cases cited within my brief, that the controlling factor is where that last element in the making of the contract occurred. Was there any other evidence presented to support your position? No, but that's the problem. It sure is. Well, there is no testimony with regard to where that last act took place. He does testify there was a contract in Illinois. Well, he, I must testify to that. That is correct, but that is a legal conclusion, and the courts in determining whether or not a contract was made in Illinois looks at the last act in the making of the contract. So he testifies to that fact without a lot of underlying factors being elicited, and it's unrebutted. So where does that leave the record, if it's unrebutted? Well, but the facts necessary to make a determination are not included, and the employer requests that you remand the case to an arbitrator on that one single issue. Well, there was no one there to object to his conclusion. There was no one there to object to the conclusion. So to testify, I entered into the contract in Illinois, and there's no objection. It is what it is. Well, however, with regard to all of the other testimony and issues, he testified that he had a medical condition that needed treatment, but he also, as he needed to, gave testimony and introduced a medical opinion to make his prima facie case. And likewise, the jurisdictional issue is the petitioner's legal conclusion, but there's no evidence in the record to state where that last act took place, which is what the court looks at to determine whether or not there is indeed a contract within the state of Illinois. If there's some issue or controversy or argument, disagreement about it, but the record doesn't lend itself to any disagreement. That's what happens when nobody's there. Right, I realize that. It's not your fault, but nobody's there. I realize there's no one there, and this was the best argument I have to make with regard to the jurisdictional issue, is that one of the factors that the court looks at is not present. What about the proper notice issue? The proper notice issue, I agree, the arbitrator does have the power. And the right to do that. Right, to call a case up for trial. However, the section that allows that doesn't speak to notice. The arbitrator does state that the trial is being held pursuant to Section 19B of the Act, and the code concerning practice before the commission has also a section concerning notice for 19B hearings. And that requires 15 days notice. And although the arbitrator does have the power to enlarge or reduce that notice, it doesn't give her the power to totally eliminate the notice requirement. Who's her? I'm sorry, arbitrator Teague is the arbitrator that heard the case that day. Is there a difference when it's been on a status call for three years? She can indeed require a hearing when a case has been on a status call for three years. However, typically that's, and it doesn't say what type of hearing, but typically those are full and final hearings. The arbitrator has the power to move the case along if the attorneys are not doing so. However, there's no notice requirement even mentioned in that section. But this particular hearing was held under Section 19B. It was not a full and final hearing. There were specific issues that were addressed. And then the remainder of the file is still open concerning additional medical treatment and permanent partial disability. The rules are very clear with regard to a 19B hearing. There is a notice requirement. So you're saying that the 7020.60B2CI doesn't apply? It does apply in that she has the power to require hearing at the docket call. Which she did, but it's our position that the employer was at least entitled to notice. I want to get this straight. You were not entitled to notice for a full hearing on all issues, but you were entitled to notice for a limited hearing only on the question of TTT? That is correct. Does that make sense to you? It doesn't make sense, but each of these rules don't make sense necessarily. I agree with you there. The rules are very clear, and there is an entire section devoted to 19B hearings. And one of the requirements is that there be 15 days notice given. So that should prompt the other section, is that what you're saying? Well, the other section does not mention notice. Potentially there may not have been 15 days notice required because it states the arbitrator can enlarge or decrease that amount, but there should have been some notice. There wasn't even a couple of hours notice given. Nobody knew that this was a status call after the three-year period? I can't speak to what the claims representative knew, but she should have known what the law is in Illinois. We certainly did not know because we had not been assigned this case. But there was no notice that a 19B hearing was going to be performed on that date. Why did the claimant appear? The claimant, the employee, I believe he was there later in the afternoon. Why did he? His attorney called him and said we're going to trial this afternoon. It's my understanding I wasn't there. Mr. Frederick can correct me if that's wrong, but it's my understanding. He called his client and said we've got a trial scheduled for this afternoon. Come on down. And he had been in communication with the claims representative. As a matter of fact, their last communications were, this involves bilateral carpal tunnel. One side was already operated on on the date of this trial. The other side had not taken place but was going to in the near future. The last communications were, hey, after this next surgery we'll get you a demand. Now that does not excuse the claims representative from having someone request a continuance of the hearing date. It absolutely does not. But he does at least have someone he could have given notice to by simply making a telephone call. So basically there was never any dispute about accident, causal connection, injury, those things? There was no dispute presented. I understand we don't have the right to go back in. If we fail on these other two issues, if you find that there was jurisdiction or if there was proper notice, we do not have the right to come in and argue that the facts that the employee testified to are incorrect. There was never a motion to dismiss filed that Elmolay didn't have jurisdiction over this claim or anything like that? There was never anything filed until we filed the petition for review disputing that. That's correct. And we did that shortly after we received the file in our office. What about the issue of whether the arbitrator erred in conducting a next party trial? You've also got that argument. I'm not sure I quite understand. Well, that has to do with the fact that I was not there, but I don't believe based upon our conversations that the arbitrator was properly advised of the status of the case. Now, this is a weak argument. It sort of falls with the other argument. Well, it does fall with the other argument. I mean, I wasn't there. I can't testify to what was said other than in the transcript, the arbitrator says that Mr. Frederick represented to her that there had been no contact from any claims representative or attorney on behalf of the employer. And that is not correct. Now, Mr. Frederick has argued previously that there was a letter that he presented, but the letter was very aged. It did not evidence, nor did he advise the arbitrator that there were any recent communications. But, again, that does not excuse. And the arbitrator has the right to set up for hearing, obviously, of necessity, the VX party, because otherwise the respondent could run and hide and say you're powerless to do anything, which would be absurd. Well, however, when one knows that a party is present, certainly the employer is still there. There had been communications with the claims representative. But the employer was not present when the hearing. That's correct. The employer was not present. But the rule required that they be present. That's correct. And no one was. Then how can they complain? Well, they did send it to us in time to petition for review, and that is what we did. And based upon the evidence that was taken at trial, I analyzed it, and I'm making the most feasible arguments in my mind that I can. Well, you go ahead ex parte, and we'll take you to the appellate court. Well, I thought that the jurisdictional argument is one that might be viable, although Judge McGlynn at the circuit court level also, you know, this case was affirmed by commission, relief requested before the St. Clair County Circuit Court was denied. However, I do also wish to point out that Judge McGlynn's order, which on page A15 of the appendix, part of his reasoning was that Union Roofing is a resident of Illinois. That really, although it may matter in a civil case where the defendant can be found or where it resides, it doesn't have any bearing with regard to a worker's compensation matter. The three elements are, you know, whether the accident occurred in Illinois, whether the primary employment was in Illinois, and both of those do not occur in this case. All of the workers... Your time is up, counsel. We have time on rebuttal. Thank you, Your Honor. Counsel, please. Good morning. My name is John Frederick. I represent the petitioner in this matter, Robert Harrison. I'm here to ask that you affirm the commission's decision in this case because I believe it's proper. The manifest way to the evidence supports the commission's determination that it has jurisdiction over Mr. Harrison's claim and the commission's determination that Section 7020.60b2c of Title 50 of the Administrative Code required that Mr. Harrison's claim be set for trial. That determination is entitled to deference because they're interpreting their own rule. Understanding that, what about her argument that while she recognizes that provision and what the arbitrator had the right to do, she's saying that shouldn't dispense with the right to a notice under 19b? I understand that's the argument she made. What's your response to that? My response is that wasn't presented to me by the arbitrator at the hearing. The arbitrator said, you're here, they're not. I understand that, but how do you respond from the legal sense that now there's a problem here because it wasn't given? Why is that a legal problem? I believe that's not a legal problem because I did not set the case for hearing under 19b. So your position is under this instance, the circumstance, the way it evolved, there was no notice required to be given? That's absolutely correct. The notice that was given was when the commission sent out the notice of the claim being filed. In Illinois, it was sent to the employer and the insurance carrier by the commission as well as my office. That notice states that it's there, and then there's the obligation upon the employer and its insurance carrier to monitor the case, and mind me, the three-year requirement is set forth in 702060b2c. Do you have any case law to support that position? I understand what you're saying. They have the obligation to monitor it, but then it gets three years. Their case, it says no notice need be given after that? I don't, Your Honor. I simply have the commission rule which requires that. Addressing first the issue of jurisdiction, the parties agree that the commission has jurisdiction to award compensation under the Act for a work-related injury to an employee whose contract of hire was entered into in Illinois, regardless of whether the accident giving rise to that injury might occur. The evidence that was presented in this case indicates that Mr. Harrison's an Illinois resident, the Employers in Illinois Corporation that engages in the construction business, that the employer's office is in Chenoa, Illinois, that Mr. Harrison was hired by Union Roofing in Illinois, and that Mr. Harrison worked outside of the state of Illinois in Missouri while an employee of Union Roofing. And he also testified that his service under Union Roofing was under a contract of hire that was made within the state of Illinois. Union Roofing has not disputed any of that evidence, nor has it tried to introduce anything else. To say the contract was entered into in Illinois is a legal conclusion, not a fact. Well, his testimony was he's in Illinois, the corporation's in Illinois, everything was done in Illinois except the work. So I think that the commission can infer from those facts that the contract was entered into in Illinois, and there's no evidence to the contrary to dispute that. Based upon those factors, I believe that the only inquiry for the commission is whether or not the determination that it had jurisdiction by the commission was against the manifest way to the evidence, and I think the only conclusion that can be drawn from the evidence is that the contract of hire was entered into in Illinois. With regard to the second issue, the commission's determination that Section 7020.60b2c required that Harrison's claim be set for trial, they're relying on their own commission rule. That rule states that in all cases that have been on file at the industrial commission for three or more years, the party or their attorneys must be present at each status call on which the case appears. They must be present. The case will be set for trial unless a written request has been made to continue the case for good cause. So the only exception to it being set is if there's a written continuance requested. Let me ask you this sort of a mundane question perhaps, but maybe we're getting a circular reasoning. How would they know to make a request for continuance if they didn't know that the matter was set? That's a good question, Your Honor. I mean, they have the obligation to know. Right, but I mean, it's obscuritous because it says, yeah, we're going to set it. The arbitrator can call it for hearing and set it, and then you, then, if you want to continue, would have to come in. But, again, how would you know to come in if you didn't know what was going on? Isn't it that they post the settings and you're obligated to follow it? That's correct. On the commission's website. That's correct. That's the way it works by rule, and they have to check the website. So there's some mechanism for them to find out about it. Yes, the same mechanism that my office uses to determine when our cases are up for hearing. The employer's argument that a different set of rules should have been applied by the commission, those rules being the 19B trial setting rules, I believe are inapplicable here because the petitioner didn't set this case for trial. I showed up at the docket because I was required to, and when I showed up there, the judge told me that I had to go to trial. But doesn't 19B give the arbitrator authority in any case to determine that the claimant's injuries have not fully resolved? I mean, even if you both showed up and said, we want you to decide nature and extent, the arbitrator could say, you know, I don't think claims at MMI, I'm not going to decide that today. We're going to have another hearing. That's absolutely correct, yeah. And so would there be any difference in what the arbitrator did here in that kind of scenario? I don't believe so. In fact, that's exactly what she did here with regard to this ruling. The last issue that I wanted to touch upon was a broad statement that the employer had made in its brief, basically requesting that all other decisions made by the arbitrator be reversed. Although that's mentioned in the points on appeal, it's not argumented in the brief, and therefore I wouldn't argue that that argument was waived. Can you go back to jurisdiction? I think the respondent's argument is that you didn't, you know, analogous to the criminal case, you didn't establish the elements. Well, I think the elements are simply that there are three bases that we have agreed on, that the commission can have jurisdiction. The one in particular here is that the employment contract was made in Illinois. Regardless of where the accident causing the injury occurred, if the employment contract is made in Illinois, then that gives the commission jurisdiction. Well, it sounds like the elements were technically met, but there was no facts to support the conclusion. He simply said the contract was in Illinois. If this was a trial, somebody would have elicited what did you mean, where was the agreement, where was the discussion. Well, I think that's implicit in the other things that he did testify to, and that's the implication that the commission drew, that the employer, that all the parties to the contract are in Illinois. In fact, the only thing that happened outside of Illinois was the work on the job on the roof in Missouri. It's a little more subtle than that. Isn't it involved with the last act that takes place? I mean, the mere fact that both parties are in Illinois, does that mean that the contract took place in Illinois? I think that's the determination that the commission made. Is that the law, though? No, the law is that the contract has to be made in Illinois, and I guess a sub-pairing of that is that the last act of contract, excuse me, the last act necessary to give validity to the contract must be performed in Illinois. Correct. And I think the commission implied from the testimony that all the acts, not only the last, but all the acts were performed in Illinois. I'm not saying you're wrong. We're just asking to answer your argument that it was simply a legal conclusion, not based on any factual support. Well, is that a reasonable conclusion? I mean, I know it's a conclusion. I believe it is. You're wrong. I'm sorry, I didn't mean to interrupt. Yeah, but, I mean, is there enough there in that testimony to support that conclusion? I believe so. I believe that the law simply requires that there is evidence that supports the conclusion, and I think the evidence is there. The inferences that come from that evidence, the commission is allowed to make. It is a finding of fact, and their findings shouldn't be disturbed unless there's a manifest, unless it's not supported by the manifest. If there's anything further on that. I do have a question. There seems to be some dispute, as representations may be put to the arbitrator, about contacts that you or your office had with the respondent. Yes, the respondent had contacted my office to ask about the status of the case. I advised that he had had one surgery, he hadn't had another, that a settlement demand would be submitted at some point in the future. There were also several letters that were introduced into evidence at trial, wherein I requested that the additional treatment be granted, and that the claim be found compensable under the act. Those were denied outright by the insurance carrier, the claims adjuster to be precise. Basically, the claims adjuster on the file had received all of the documentation that the claim was filed, but did nothing else. Did not answer the claim, did not file a motion to dismiss based on jurisdiction, did not set my client for a Section 12 exam to determine causation, did nothing. The communications from my office, between my office and the carrier, were requesting treatment that was denied, and then it was denied, I guess, with a statement saying that the claim is highly questionable. So for them to argue now that a settlement is a possibility, I think, is a little unbelievable. Thank you, Counselor Rubello. With regard to the statements that Petitioner's Counsel did not request the case be set for hearing, that the judge set the case for hearing, and the arbitrator's statements, which are contained on page C-137 of the record, these are statements by Employee's Attorney John Frederick. It says, Employee requests moving forward on June 15, 2009, which is when the trial took place in a default fashion, against the employer pursuant to Rule 70-20.60. Something wrong with that statement? No, what he represented was that he did not request the trial be set, but the arbitrator, upon her own action, said you're going to trial. The record reveals that he did request a default trial. So just to dispute that characterization. Also, with regard to... What was to happen after the three years had passed and you had a status hearing? What happens? Basically what happens is all the attorneys, there's a docket sheet that is found online, and every three months a case is scheduled for status. But once a case is over three years, that is called the red line. So anything that's over three years old is above the red line. Parties are supposed to be ready for trial. And the counsel is there and you will... That is correct. But just to let you know what occurs, although the statute does say the case will be set for hearing if there is not a continuance, it is common practice for attorneys, and I've done this a number of times myself, if Petitioner's Counsel doesn't appear to yell out at the docket what the status of the case is, or discuss with the arbitrator afterwards what the status of the case is, then the arbitrator will determine whether or not it will be continued or set for hearing. And usually if something's going on with the case, it's not set for hearing. Although I was not present, I can't say with any certainty, oh, she wouldn't have made us go to hearing on this case. In addition, with regard to all of the elements concerning the contract for hire being found within Illinois, it doesn't matter with regard to jurisdiction whether the employer and employee are found within the state. The employee was a union roofer. He testified that he worked out of a hall in Missouri. The work took place in Missouri. All of the work took place in Missouri. So there are contacts with Missouri. The employer wouldn't be arguing that there's no jurisdiction in Illinois and please remand it on this single issue to determine where the last act took place. Well, the problem is you didn't appear at the status called hearing. That's correct. And now you want relief because of your failure. I want relief because the evidence was insufficient to prove that there was a contract to hire in Illinois. And with regard to the other issues being waived, they all turn on this jurisdictional issue and notice issue. Although it's mentioned, I didn't bother going through each and every point. We have to deal with what's been testified to and we're stuck with that evidence. We're talking about seven and five-seventh weeks of TTD, about $7,600 in medical and a prospective carpal tunnel surgery. Right, and I believe that surgical procedure has taken place since the trial and we have forwarded the bills. I don't know about the medical records, but they have forwarded the bills. Thank you. Thank you, counsel. The court will take the matter under advisory. Thank you, Your Honor.